**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-04386-JLK

AHMED SALAH ALISSA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Aurora Detention Facility,

Respondent.

---

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)**

---

Kane, J.

This matter comes before me on Petitioner Ahmed Salah Alissa's Petition for Habeas Corpus (ECF No. 1) challenging his unlawful detention at the U.S. Immigration and Customs Enforcement ("ICE") Detention Facility in Aurora, Colorado. Respondent was ordered to show cause why the Petition should not be granted. Respondent nominally filed a Response to Petition for Writ of Habeas Corpus and Order to Show Cause (ECF No. 12). However, the Response indicates that Respondent will not file a brief in opposition to the Petition. Resp. to Pet. at 1.

## I. Background

The limited facts I have before me are from Mr. Salah Alissa's Petition and, as Respondent chose not to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case," I treat Mr. Salah Alissa's assertions as true. *See Burlington N. R. Co. v. Huddleston,* 94 F.3d 1413, 1415 (10th Cir. 1996) ("By failing to submit an answer or other

pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.").

Mr. Salah Alissa is an Iraqi national who was admitted to the United States as a refugee on September 23, 2010, and on March 31, 2010, ICE officers detained him outside of a gas station. Pet. for Habeas Corpus at 5, ECF No. 1. He was not provided a warrant for his arrest. *Id.* Respondent also did not conduct an individualized determination that he would be likely to escape before a warrant could be obtained. *Id.* Mr. Salah Alissa is currently being detained at the ICE Detention Facility in Aurora, Colorado. *Id.* at 1. On September 14, 2026, he filed the Petition for Writ for Habeas Corpus in this case, requesting that the Court order Respondent to produce the arrest warrant, and, if no such warrant is produced, issue a writ of habeas corpus requiring Respondent to release him.

## II. Legal Standard

I begin with the statutory authority that empowers federal courts to issue writs of habeas corpus. Section 2241 of Title 28 of the U.S. Code provides that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions" when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a) & (c). Specifically, "[c]hallenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004)). The general rule for habeas petitions challenging present physical confinement is that jurisdiction lies in the district of confinement. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Here, Mr. Salah Alissa is confined in Aurora, Colorado, which falls within this district. Pet. for Habeas Corpus at 2.

Mr. Salah Alissa contends he is in custody in violation of the laws that govern ICE arrests and of the Fifth Amendment to the Constitution. The applicable statutory framework distinguishes between immigration arrests made pursuant to a warrant and those made without one. For noncitizens[1] arrested in the interior of the United States while removal proceedings are pending, as Mr. Salah Alissa was, the Tenth Circuit has recently held that detention is governed by 8 U.S.C. § 1226(a). *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026). Section 1226(a) expressly contemplates arrest "[o]n a warrant issued by the Attorney General" and authorizes detention pending a determination whether the noncitizen is removable. 8 U.S.C. § 1226(a). Thus, where the Government relies on § 1226(a), a warrant ordinarily supplies the statutory authority for the arrest and ensuing detention. Mr. Salah Alissa alleges that no such warrant was issued before his arrest and contends that his detention is therefore unlawful. Pet. for Habeas Corpus at 5, 7.

Without a warrant, DHS's authority to arrest noncitizens is materially limited "particularly in the interior-arrest context." *Morelos Valdovinos v. Noem*, No. 26-cv-0338, 2026 WL 948285, at *5 (D.N.M. April 8, 2026) (recommendation from Magistrate Judge) (collecting cases). As the Supreme Court has explained, when "no federal warrant has been issued," immigration officers possess only the "more limited authority" Congress has provided for warrantless arrests. *Arizona v. United States*, 567 U.S. 387, 408 (2012). That authority is set out

---

[1] I use the term "noncitizen" as an equivalent to the word "alien" in the relevant statutes. I do so because "noncitizen" is not only more appropriately descriptive but also because it is less likely to carry the same biases. *See* Keith Cunningham-Parmeter, *Alien Language: Immigration Metaphors and the Jurisprudence of Otherness*, 79 FORDHAM L. REV. 1545, 1585 (2011) ("By appropriating, repackaging, and circulating certain immigration metaphors, [] [c]ourt[s] join[] other cultural institutions in creating a dominant account of who immigrants are and how they should be treated.").

in 8 U.S.C. § 1357(a)(2) and repeated in 8 C.F.R. § 287.8(c)(2)(ii).[2] Under those provisions, an immigration officer may arrest a noncitizen without a warrant only if the officer has reason to believe both that the person is unlawfully present in the United States and that the person "is likely to escape before a warrant can be obtained." *Arizona*, 567 U.S. at 408; 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(i)-(ii).

The latter requirement imposes an independent limitation on warrantless arrest authority. It is not enough that an officer has reason to believe the individual is removable; the officer *must* also have a particularized basis for concluding that the person is likely to escape before a warrant can be secured. *See Moreno v. Napolitano*, 213 F. Supp. 3d 999, 1007–08 (N.D. Ill. 2016) (emphasis added). Courts have treated this "reason to believe" element as synonymous with probable cause. *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969); *Morales v. Chadbourne*, 793 F.3d 208, 216 (1st Cir. 2015) (collecting cases where "reason to believe" in § 1357(a)(2) was noted to be the equivalent of probable cause); *Moreno*, 213 F. Supp. 3d at 1007. In assessing whether an officer had probable cause to conclude a person is likely to escape before a warrant can be obtained, courts have considered conventional indicators of flight risk, including the individual's ties to the community. *See, e.g.*, *United States v. Khan*, 324 F. Supp. 2d 1177, 1186–87 (D. Colo. 2004).

---

[2] Section § 1357(a)(5) provides for additional exceptions for a warrantless arrest:

> (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
>
> (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony, . . . *and if there is a likelihood of the person escaping* before a warrant can be obtained for his arrest.

8 U.S.C. § 1357(a)(5) (emphasis added). Based on the facts of this case, these exceptions are not applicable, nor would Respondent be able to show he believed there was "a likelihood of [Mr. Salah Alissa] escaping" as I discuss below.

## III. Analysis

Respondent has not provided any argument or set forth any evidence indicating that Mr. Salah Alissa's warrantless arrest was proper under § 1357. Instead, Respondent chose not to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." Resp. to Pet. at 1, ECF No. 12. Despite not submitting a brief in opposition, or any filing detailing the appropriateness of Mr. Salah Alissa's arrest, Respondent still asks that I issue an Order "directing Petitioner's release on conditions to be set by the Department of Homeland Security" *Id.* at 2. I find that Mr. Salah Alissa's warrantless arrest and continued detention are unlawful and that the proper remedy is his immediate release, not the suggested bond hearing. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) (noting respondents "bear the burden to justify Petitioner's detention").

For Mr. Salah Alissa's warrantless arrest to be lawful, the arresting officer must have had reason to believe both that he was unlawfully present in the United States and that he was "likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). As discussed, a "lack of lawful status" is insufficient to justify a warrantless arrest under 8 U.S.C. § 1357. *Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1231 (D. Colo. 2025) (pending appeal). Without any presentation from Respondent regarding factors that may have made Mr. Salah Alissa a flight risk, I cannot find that his detention by ICE constituted a permissible warrantless arrest under § 1357(a)(2). *See Morelos Valdovinos*, 2026 WL 948285, at *6 (finding that respondents lacked authority to arrest petitioner because "[n]othing in the record suggests that either statutory condition–reasonable belief of a violation or likelihood of escape–was met" and "the record contains no facts that would satisfy § 1357(a)(2) or (a)(5)'s narrow prerequisites for a

warrantless arrest"). Consequently, I conclude Respondent lacked the statutory authority to arrest Mr. Salah Alissa and that his detention is thus unlawful.

The only contested question in this case is whether release should be on conditions set by the Department of Homeland Security. Respondent provides no argument to justify their request that I order Petitioner's release on conditions to be set by the Department of Homeland Security. Instead, Respondent cites to five statutes—8 U.S.C. § 1231(a)(3) and 8 C.F.R. §§ 241.4, 241.5, 241.13(h), 241.14—and a single case—*Zadvydas v. Davis*—noting that the Supreme Court has acknowledged that a Petitioner's release "may and should be conditioned." Resp. to Pet. at 2 (quoting *Zadvydas*, 533 U.S. 678, 700 (2001)). The defect here is not merely the denial of statutory protections that can be remedied through a later bond hearing; it is the absence of lawful authority to initiate and maintain Mr. Salah Alissa's detention. Habeas corpus exists principally to remedy that precise injury—unlawful detention. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention," for which the "typical remedy . . . is, of course, release."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (explaining that the "traditional function of the writ is to secure release from illegal custody"). Consistent with that principle, courts addressing warrantless immigration arrests have ordered release where the Government could identify neither a warrant authorizing detention under § 1226(a) nor facts satisfying the narrow warrantless-arrest authority of § 1357(a)(2). *See Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880, at *6 (D. Colo. May 15, 2026) (ordering petitioner's release because the petitioner's detention lacked a "lawful predicate"); *Arrioja Blanco v. Valdez*, No. 26-cv-03312-PAB, 2026 WL 2267337, at *2 (D. Colo. Aug. 6, 2026) (ordering release following an unlawful warrantless arrest).

Because Respondent lacked statutory authority to arrest Mr. Salah Alissa without a warrant and have identified no lawful predicate for the resulting detention, continued custody is unlawful. I therefore order his immediate release with no conditions.

I also note that should Respondent obtain a warrant and re-detain Petitioner, this subsequent detention would be pursuant to § 1226(a), and Mr. Salah Alissa would be entitled to a new bond hearing. *Escalante v. Venturella*, No. 26-cv-01657-PAB, 2026 WL 1745528, at *3 (D. Colo. June 17, 2026) (holding that a petitioner previously released after an improper warrantless arrest would be entitled to a new bond hearing if re-detained).

## IV. Conclusion[3]

Therefore, it is ORDERED:

1. Petitioner Salah Alissa's Petition for Habeas Corpus [ECF No. 1] is GRANTED;
2. Respondent shall release Petitioner Salah Alissa from custody within 24 hours of this order, along with all his personal belongings;
3. The parties shall file a status report confirming that Petitioner has been released from custody on or before October 8, 2026;

DATED this 1st day of October, 2026.

---

[3] I note, on November 25, 2025, my colleague Judge Brooke Jackson issued a preliminary injunction prohibiting ICE from "effect[ing] warrantless arrests in this District unless, pre-arrest, the arresting officer has probable cause to believe that the individual is in the United States in violation of United States immigration laws and probable cause that the person being arrested is likely to escape before a warrant can be obtained, as required by 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(2)." *Ramirez Ovando*, 810 F. Supp. 3d at 1240-42. The preliminary injunction also requires an arresting officer to, after a warrantless arrest, "document in writing the facts and circumstances surrounding that arrest in the narrative section of the detainee's Form I-213," Record of Deportable/Inadmissible Alien. *Id.* at 1241. As ordered, this Form I-213 "shall, upon request, [be] provid[ed] to plaintiffs' counsel . . . no later than ten (10) days after the arrest." *Id.*

John L. Kane

JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE